# CHARLESTON.

STATE v. EMIL RUZISKA

(No. 5431)

Submitted November 22, 1927.    Decided November 29, 1927.

CRIMINAL LAW—*Refusal of Instruction Presenting Theory Unsupported by Evidence is Not Error.*

It is not error to refuse an·instruction presenting a theory unsupported by evidence.

(Criminal Law, 16 C. J. § 2485.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of ˋSyllabi.)

Error to Circuit Court, Monongalia County.

Emil Ruziska was convicted of the possession of moonshine liquor, and he brings error.

*Affirmed.*

*Robert L. Hogg* and *Chas. T. Herd,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Emil Ruziska, was convicted, upon appeal from a justice, of possessing moonshine liquor in violation of section 37, Chapter 32-A, Code.

According to the evidence for the plaintiff, five officers searched the premises of Ruziska in Monongalia county; finding various articles, which apparently had been used in the handling of intoxicating liquors, and the defendant in the act of pouring moonshine liquor from a glass jar. Ruziska, his wife and step-daughter denied all incriminating evidence adduced by the State. No brief or oral argument has been presented in his behalf. In his petition for the writ, he assigns as grounds of error: (1) The overruling of his motion to quash the warrant; (2) the admission of evidence obtained under the search warrant; (3) the refusal of proper evidence

offered in his behalf; (4) the granting of instructions 1, 2 and 3 in behalf of the State; (5) the refusal of instructions 1, 2, 5 and 10 presented in his behalf; and (6) the overruling of his motion to set aside the verdict and grant him a new trial.

No reason is given or perceived for the motion to quash the warrant, which appears to be in proper form. The ruling of the trial court in the admission and rejection of evidence not having been specified as grounds for a new trial, or made the subject of special bills of exception, are treated as waived: *State* v. *Homer Males,* 103 W. Va. 355.

Instructions 1 and 2 for the State directed the jury to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he had in his possession a quantity of moonshine liquor, as charged in the warrant. No ground of objection is urged to either of these instructions, and none seems possible under the evidence. The State's instruction No. 3 is based upon the provision of the statute that the finding of any quantity of intoxicating liquor in the possession of any person, other than commercial whiskies which were obtained and stored in homes for domestic use at a time when it was lawful so to do, shall be *prima facie* evidence that the same is moonshine liquor.

Instruction No. 1, offered by the defendant, states that moonshine liquor is intoxicating liquor made in a moonshine still. Whether or not the proposed definition is a proper one, the refusal of the instruction is not reversal error, because there is no evidence that the liquid found by the officer in the possession of defendant was not moonshine liquor. "Instructions are properly refused where there is no evidence tending to support the theory upon which they are based." *Morgan Lumber & Manufacturing Co.* v. *Surber,* decided at this term. Instructions 2, 5 and 10, requested by the defendant, are fully covered by numerous other instructions granted in his behalf.

Finding no error in the rulings of the trial court, the judgment complained of is affirmed.

*Affirmed.*